UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK R. FACER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 3:15-cv-05457 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 7; Consent to Proceed Before a United States Magistrate Judge, Dkt. 8). This matter has been fully briefed (*see* Dkt. 18, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to explicitly discuss and weigh certain medical opinions. Although the ALJ found that these medical opinions were irrelevant because they were offered a few

months before the period being assessed regarding plaintiff's application for disability benefits, such finding is contrary to rationale in Ninth Circuit case law and a relevant federal regulation. A medical opinion that plaintiff suffered from certain functional limitations at one point is relevant to the determination of whether or not he suffered from the same limitations a few months later.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this opinion.

## BACKGROUND

Plaintiff, MARK R. FACER, was born in 1971 and was 39 years old on the alleged date of disability onset of October 20, 2010 (*see* AR. 322-23). Plaintiff has a GED and has taken some college classes through the GI bill (AR. 92-93). Plaintiff served two terms in the Army – one for 3 years and one for 9 years, and has worked as a security guard, food service worker and Army civilian contractor (AR. 386-97).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the cervical, thoracic, and lumbar spine; headaches; bilateral plantar fasciitis with right foot degenerative joint disease; bilateral pes planus; left shoulder degenerative joint disease; diabetes mellitus; hearing loss not treated with a cochlear implant/tinnitus; affective disorder with ADHD, intermittent explosive disorder; obstructive sleep apnea; obesity; gastroenteritis with episodic diarrhea and vomiting (20 CFR 404.1520(c))" (AR. 20-21).

At the time of the hearing, plaintiff was living in a house with his wife and two children (AR. 71-74).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration (*see* AR. 166, 181, 197-213, 215-231). Plaintiff's requested hearing was held before Administrative Law Judge Michael Gilbert ("the ALJ") on July 18, 2014 (*see* AR. 66-165). On December 22, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 15-65).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ misapplied the doctrine of *res judicata*; (2) Whether or not the ALJ properly evaluated the medical evidence; (3) Whether or not the ALJ properly evaluated plaintiff's testimony and the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity and the step five finding; and (5) Whether or not the plaintiff's claim should be assigned to a different ALJ (*see* Dkt. 18, p. 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

1. **Whether or not the ALJ misapplied *res judicata*.**

Although the ALJ provided a very thorough evaluation of much of the medical evidence in the file, of which there is a substantial volume, the ALJ explicitly failed to weigh certain medical opinion evidence that the ALJ acknowledged "contains medical assessments that the claimant has greater functional restrictions than the undersigned finds herein [in the ALJ's written decision]" (AR. 46). The ALJ found that these assessments "are not relevant to the claimant's functioning during the period at issue in the instant claim" because they predate the period of time assessed for disability by about two months and three months respectively (*id.*).

Regarding the timing of a doctor's evaluation, the Ninth Circuit has "held that 'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (*quoting Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988)) (footnote omitted); *cf. Taylor v. Comm'r SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("if the Appeals Council rejected Dr. Thompson's opinion because it believed it to concern a time after Taylor's insurance expired, its rejection was improper").

Here, the ALJ failed to evaluate fully or provide weight to medical opinions provided prior to March 22, 2011 with a finding that they "are not relevant" (AR. 46). Plaintiff contends that this assertion by the ALJ "violated Ninth Circuit law, which limits the applicability of the doctrine of *res judicata*" (Dkt. 18, p. 3 (citing *Lester v. Chatter*, 81 F. 3d 821, 827-28 (9th Cir. 1995)). Plaintiff argues that even if "the ALJ could refuse

to reopen the prior determination, this does not justify his refusal to weigh evidence that was part of the prior file" (*id*.). Defendant provides no response to this argument and does not attempt to justify the ALJ's rejection of medical opinions on this basis.

Just as "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition," medical evaluations made just before the relevant period of time begins similarly are relevant. *See Smith*, *supra*, 849 F.2d at 1225-26 (collecting cases). The Ninth Circuit in *Smith* concluded that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Id.* (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)). It is logical that medical observations suggesting that a claimant suffered from limitations at one point are relevant to the question of whether or not the claimant suffered from the same limitations either before or after that point. Although opinions rendered contemporaneously may have greater relevance, such fact does not render medical opinions from a different period of time irrelevant. The medical opinions that plaintiff suffered from certain limitations a few months prior to March 22, 2011 make it more likely than not that he still suffered from such limitations after March 22, 2011.

Although doing so in an unpublished opinion, the Ninth Circuit in *Williams* concluded that an "ALJ erred in failing to consider [medical opinions predating the claimant's alleged onset of disability]." *Williams v. Astrue*, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (unpublished opinion). The Ninth Circuit relied on its precedent that "'[t]he ALJ must consider all medical opinion evidence.'" *Id*. (citing *Tommasetti v. Astrue*, 533

F.3d 1035, 1041 (9th Cir. 1996) (other citations omitted)); *see also Davidson v. Colvin*, 2015 U.S. Dist. LEXIS 131892, *34-37, 2015 WL 5771800 (N.D. Tex. 2015) (unpublished opinion) (collecting cases) (concluding that "medical opinions may not be ignored just because they predate the disability onset date" after observing that other circuits have "found that an ALJ may not simply ignore medical opinions because they pre-date the onset of disability . . . . since that evidence can be relevant to a claim of disability" (citing and quoting "*Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding that the ALJ erred by failing to acknowledge any of the medical evidence before the year that the claimant's disability allegedly began because the regulations required him to consider all of the evidence in the record when determining whether the claimant was disabled); *DeBoard v. Commissioner of Social Security*, 211 F. App'x 411, 414 (6th Cir. 2006) ('We do not endorse the position that all evidence or medical records predating the alleged date of the onset of disability ... are necessarily irrelevant.... We recognize that evidence ... predating the onset of disability, when evaluated in combination with later evidence, may help establish disability'); *Burks—Marshall v. Shalala*, 7 F.3d 1346, 1348 n. 6 (8th Cir. 1993) ('Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date'") (some internal citations omitted)) (citing 20 C.F.R. § 404.1527(c)(2)). The Court finds persuasive the Ninth Circuit's conclusion in *Williams*, and the similar conclusion by other circuits, that an ALJ errs by failing to consider medical opinion evidence from shortly before the period of alleged disability. *See Williams*, 493 Fed. Appx. at 868.

This conclusion is buttressed by a relevant federal regulation regarding the responsibility of the Social Security Administration:

> Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.

20 C.F.R. § 404.1512.

This federal regulation demonstrates that medical opinion evidence provided prior to the period of time for which a claimant's ability to work is addressed can be relevant, even potentially for more than a year prior to the filing of an application. *See id.* Here, medical source opinions that were rejected as irrelevant are from December 11, 2010 and January 5, 2011. As these opinions are approximately two and a half and three and a half months prior to the period of time for which the ALJ addressed plaintiff's ability to work, March 22, 2011, they are not necessarily irrelevant. *See id.* Therefore, the ALJ's finding that these medical opinions that plaintiff was more limited than found by the ALJ are irrelevant simply because they were provided before the period of time for which plaintiff's ability to work is specifically assessed is not legitimate rationale. *See id*. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in

*Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout*, 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The ALJ "acknowledges that the evidence considered at the prior determinations contains medical assessments that the claimant has greater functional restrictions than [he] finds [in his written decision]" (AR. 46). Therefore, had the ALJ assessed these opinions and provided full weight to them, he would have provided for "greater functional restrictions" in plaintiff's RFC (*id*.). Had the RFC contained greater functional restrictions, the vocational expert may have testified that there were no jobs available to a one with such a RFC, rendering plaintiff disabled. Therefore, the error is not harmless.

2. **Whether or not the ALJ properly evaluated the medical evidence**.

The ALJ provided an extensive review of a large amount of medical evidence in plaintiff's file. However, the Court already has concluded that the ALJ erred by failing to evaluate certain medical evidence, *see supra*, section 1. Therefore, for this reason, the ALJ should reevaluate the medical evidence as a whole following remand of this matter.

3. **Whether or not the ALJ properly evaluated plaintiff's testimony and the lay evidence**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter.

4. **Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC") and the step five finding**.

As the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1, the RFC and the step five finding necessarily must be assessed anew following remand of this matter.

**5. Whether or not plaintiff's claim should be assigned to a different ALJ.**

Plaintiff indicates that he "does not believe [that] this ALJ is willing to impartially adjudicate his claim" (Dkt. 18, p. 19). Plaintiff requests that his claim, if remanded, be reassigned to a different ALJ.

Administrative Law Judges, ("ALJs"), "are presumed to be unbiased." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). To rebut this presumption, one must show that a "conflict of interest or some other specific reason for disqualification." *Id.* at 857-58 (citing *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999)). Although ALJs

occasionally can reveal irritation or anger, "'expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men and women … sometimes display' do not establish bias." *Rollins*, *supra*, 261 F.3d at 858 (quoting *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)). Instead, a claimant asserting bias must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins*, *supra*, 261 F.3d at 858 (quoting *Liteky*, *supra*, 510 U.S. at 551).

Plaintiff indicates that his belief that the ALJ is unwilling to impartially adjudicate his claim is based on "the ALJ rejection of [plaintiff's] credibility, Mrs. Facer's observations, and most of the supportive medical evidence, including the VA Rating Decision, as well as the ALJ's improper application of *res judicata*, his refusal to reopen [plaintiff's] prior determination, and his adversarial demeanor at the hearing" (Dkt. 18, p. 19). Although the ALJ rejected a large amount of opinions and evidence supporting plaintiff's claim and may have demonstrated an adversarial demeanor at the hearing, such does not amount to behavior that "was 'so extreme as to display clear inability to render fair judgment.'" *See Rollins*, *supra*, 261 F.3d at 858 (quoting *Liteky*, *supra*, 510 U.S. at 551). Therefore, plaintiff's request that this Court order that the matter be reassigned to a different ALJ following remand of this matter is denied. *See id*.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 15th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge